# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

THOMAS LARONGE,

    Plaintiff,

v.                                                    CASE NO. 8:18-cv-593-T-26AEP

RUCKUSSPORTFISH, LLC and
GARY ENG,

    Defendants.
_____/

## **O R D E R**

**BEFORE THE COURT** is Defendant RUCKUSSPORTFISH, LLC's Motion to Dismiss for *Forum Non Conveniens* or, in the alternative, Motion to Stay Proceedings (Dkt. 17), and Plaintiff's Response (Dkt. 22). After careful consideration of the submissions of the parties, the applicable law, and the entire file, the Court concludes that the motion is due to be denied.

## BACKGROUND

This action involves a claim for damages arising out of an accident that occurred in the British Virgin Islands (the BVI).[1] Plaintiff Thomas Laronge, a United States citizen residing in Belleair, Florida, seeks damages for negligence under the Jones Act, 46 U.S.C.

---

[1] See docket 1.

§ 30104 and for "maintenance and cure" under general maritime law.[2] Laronge is a professional mariner licensed by the U.S. Coast Guard. RuckusSportFish, LLC (RuckusSportFish) is a Florida limited liability company with its principal place of business in St. Petersburg, Florida. RuckusSportFish through Gary Eng, a United States citizen and managing member of RuckusSportFish, employed Captain Laronge in May 2015. His employment contract provided that he was to serve as captain and manager of ship operations for *Ruckus*, a U.S. flagged vessel with its home port listed as Key West, Florida. His duties also included reporting to Eng, working closely with the staff at Scrub Island Resort in the BVI, participating in the development of excursions in conjunction with Scrub Island Resort, and performing any other various undefined assignments.

On June 29, 2016, while employed by RuckusSportFish and entertaining its clients, Laronge was injured when he fell down a waterslide at Scrub Island Resort.[3] After Laronge contacted Eng, Eng transported him by *Scrub One,* a ferry, from the resort to Tortola. Eng crashed *Scrub One* into the rocks, which allegedly exacerbated Laronge's spinal injury. After Laronge received medical care in Tortola, RuckusSportFish flew him back to Florida. RuckusSportFish, however, did not provide Laronge with a daily living stipend or follow-up medical care – "maintenance and cure" – which is a significant part

---

[2] See docket 22-1.

[3] See docket 22-1.

of this lawsuit. About one year after returning to Florida, Laronge underwent spinal surgery in Tampa.

In September 2016, Laronge filed a formal complaint with the Labour Commissioner in the BVI.[4] After Hurricanes Irma and Maria struck the BVI in September 2017, its court system including the Labour Arbitration Tribunal was rendered "inoperable." On June 18, 2018, Laronge's attorney withdrew the claim against Scrub Island Resort before the Labour Arbitration Tribunal, which "effectively brought those proceedings to an end."

## APPLICABLE LAW

To determine whether a case should be dismissed based on *forum non conveniens*, the court must first undertake a choice-of-law analysis. Szumlicz v. Norwegian Am. Line, Inc., 698 F.2d 1192, 1194-95 (11th Cir. 1983); Vasquez v. YII Shipping Co., 2012 WL 6114840, at *1 (S.D. Fla. Dec. 10, 2012). If United States maritime law is applicable, then "the American court should retain jurisdiction rather than relegate the controversy to a foreign tribunal." Szumlicz, 698 F.2d at 1195 (citations omitted). If United States law does not apply, then the traditional factors of *forum non conveniens* are considered to determine whether in its exercise of discretion, the court will dismiss the case. Szumlicz, 698 F.2d at 1195. Plaintiff carries the burden of establishing venue is proper in this forum, and the court must accept the allegations of the complaint as true.

---

[4] See docket 22-6.

Wai v. Rainbow Holdings, 315 F.Supp.2d 1261, 1268 (S.D. Fla. 2004) (citations omitted). The court must resolve any conflicts in the submissions of the parties and draw all reasonable inferences in favor of the plaintiff. Delong Equip. Co. v. Washington Mills Abrasive Co., 840 F.2d 843, 845 (11th Cir. 1988).[5]

To determine whether the Jones Act and general maritime law apply, the Supreme Court has set forth factors to answer the choice-of-law question. Szumlicz, 698 F.2d at 1194-95 (citing Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953), Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959), and Hellinic Lines v. Rhoditis, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970)). The eight factors, although not an exhaustive list, must be weighed in a flexible manner to decide whether substantial contacts exist sufficient to govern the contractual relationship under law of the United States. See Sigalas v. Lido Maritime, Inc., 776 F.2d 1512, 1517 (11th Cir. 1985). The eight factors include: (1) the place of the wrongful act; (2) the law of the flag; (3) the domicile of the plaintiff; (4) the domicile of the shipowner; (5) the place of contract; (6) accessibility of the foreign forum; (7) the law of the forum; and (8) the shipowner's base of operations.

**DISCUSSION**

---

[5] See also Otto Candies, LLC v. Citigroup, Inc., 2018 WL 3008740, at *2 (S.D. Fla. June 15, 2018); Nutek Int'l, Inc. v. Moxley-West, 2014 WL 12623811, at *3 (M.D. Fla. Mar. 26, 2014) (citing Delong); Wai, 315 F.Supp.2d at 1268.

The first Lauritzen-Rhoditis factor is the place of the wrongful act. The accident, physical injury, and first medical treatment occurred in the BVI. The wrongful act, however, encompasses more than the initial injury on the slide followed by the ferry crashing on the rocks. Laronge seeks damages for his maintenance and cure, which occurred in Florida. Laronge requested from Eng several times a living stipend and payment of medical bills incurred in Florida. At the very least, this factor equally favors the law of each jurisdiction.

The law of the flag favors application of United States law because *Ruckus* is a United States flag ship. Laronge is a United States citizen who lives in Belleair, Florida. RuckusSportFish mailed his paychecks to his Florida address where they were deposited in a United States bank account. Laronge paid United States income tax on his salary. RuckusSportFish, a Florida limited liability company with its principal place of business in St. Petersburg, Florida, is the shipowner of *Ruckus*. Its managing member is Eng, a citizen of the United States residing in Florida. Thus, the domicile of all parties is the United States.

The place of the contract between RuckusSportFish and Laronge was Florida, where it was made and accepted. The accessibility of the court system in the BVI has been severely affected by two hurricanes. So much so that Laronge has withdrawn his claim filed in the court system there. Laronge has chosen the United States as the forum, and all three parties are domiciled in the Middle District of Florida. Lastly, the base of

operations for RuckusSportFish is the United States, despite its contract with Scrub Island Development to allow *Ruckus* to be operated in the BVI. *Ruckus* is RuckusSportFish's only asset and is home ported in Key West. Eng resides in Florida, and the principal place of business of RuckusSportFish is Florida. Laronge is paid by checks issued from a Florida bank account. Looking "at the actual operational contacts that this ship and this owner have with the United States" and the liberal purposes of the Jones Act, the base of operations is the United States. Rhoditis, 398 U.S. at 310, 90 S.Ct. at 1734.

Having weighed each of the eight factors and determined the choice of law is the law of the United States, the Court need not reach the second line of inquiry concerning the factors of *forum non conveniens*. Szumlicz, 698 F.2d at 1195 (concluding that district court was correct in not reaching second prong of inquiry if United States law is applicable).

**ACCORDINGLY**, it is therefore **ORDERED AND ADJUDGED** as follows:

1) Defendant's Motion to Dismiss for *Forum Non Conveniens* (Dkt. 17) is **DENIED**.

2) Defendant's Motion to Stay Proceedings (Dkt. 17) is **DENIED**.

3) Defendant RUCKUSSPORTFISH, LLC, shall file its answer and defenses to Plaintiff's complaint within fourteen (14) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on June 29, 2018.

s/*Richard A. Lazzara*
				**RICHARD A. LAZZARA**
				**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record