UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS LARONGE,

    Plaintiff,

v.                                                    CASE NO. 8:18-cv-593-T-26AEP

RUCKUSSPORTFISH, LLC, and
GARY ENG,

    Defendants.
_____/

## O R D E R

**BEFORE THE COURT** is Defendant Gary Eng's Motion to Dismiss (Dkt. 24) and Plaintiff's Response (Dkt. 30). After careful consideration of the allegations of the Complaint (Dkt. 1), the argument of counsel, and the applicable law, the Court concludes the motion should be denied.

In examining whether the allegations of the complaint state a claim for relief, the court must accept them "as true and constru[e] them in the light most favorable to the plaintiff." Bishop v. Ross Earle & Bonan, P.A., 817 F.3d 1268, 1270 (11th Cir. 2016) (quoting Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003)). Plaintiff seeks damages in three counts against Gary Eng individually under theories of ordinary negligence (count III), negligence under the Jones Act (count IV), and failure to pay maintenance and cure under the Jones Act or general maritime law (count V). Count III is pled against Eng as the non-licensed operator of the ferry that, while transporting Plaintiff from the resort to

Tortola, ran aground on a reef and injured anew the already injured Plaintiff. Counts IV and V are pled in the alternative alleging Eng as the employer instead of or in addition to RuckusSportfish LLC.

Eng contends that only a shipowner, as opposed to an operator, owes passengers a duty to exercise reasonable care and that the shipowner must have had notice of the risk-creating condition. Because he had no notice of the danger, Eng argues that he did not have a concomitant duty to warn. The Court finds Plaintiff's authority more persuasive – that both a vessel owner and an operator may owe a duty of reasonable care to passengers. See Gonzales v. River Ventures, LLC, 2017 WL 1364842, at *14-15 (E.D. La. Apr. 14, 2017); Ray v. Lesniak, 294 F.Supp.3d 466, 481 (D.S.C. 2018) ("It is well-established in general maritime law that a vessel operator has a duty to exercise reasonable care for the safety of his passengers.") (citations omitted). Consequently, Plaintiff has pled a claim for ordinary negligence against Eng.

In the Court's view, Plaintiff is also not precluded from bringing Jones Act negligence and failure to pay maintenance and cure against both Eng and RuckusSportfish, LLC. Rule 8(d)(3) of the Federal Rules of Civil Procedure explicitly provides that "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Moreover, Plaintiff has cited authority for the proposition that a seaman may have more than one Jones Act employer. See Poret v. Noble Drilling Corp., 1994

WL 150725, at *1 (E.D. La. 1994 (citing Spinks v. Chevron Oil Co., 507 F. 2d 216, 224 (5th Cir. 1975)).[1]

It is therefore **ORDERED AND ADJUDGED** that Defendant Gary Eng's Motion to Dismiss (Dkt. 24) is denied. Defendant Eng shall file his answer and defenses within fourteen (14) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on August 7, 2018.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.